THIMESCH LAW OFFICES, PLC
TIMOTHY S. THIMESCH, Esq. (No. 148213)
158 Hilltop Crescent
Walnut Creek, CA 94576-3452
Direct: (925) 588-0401
Facsimile: (888) 210-8868
tim@thimeschlaw.com

Attorneys for Plaintiff ED MUEGGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED MUEGGE,<br><br>        Plaintiff,<br><br>vs.<br><br>GOOD NITE INN ROHNERT PARK, INC.;<br>GOOD NITE INN MANAGEMENT, INC.;<br>CITY OF ROHNERT PARK; and DOES 1<br>through 35, Inclusive,<br><br>        Defendants.<br><br>_____ / | CASE NO. _____<br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE &<br>DECLARATORY RELIEF AND<br>DAMAGES:** DENIAL OF CIVIL RIGHTS<br>OF A DISABLED PERSON IN<br>VIOLATION OF THE AMERICANS<br>WITH DISABILITIES ACT OF 1990,<br>AND CALIFORNIA'S DISABLED<br>RIGHTS STATUTES<br><br>[Intradistrict Assignment: San Francisco/<br>Oakland] |

Comes now plaintiff ED MUEGGE and alleges:

1. He appears on behalf of himself and all other similarly-situated persons with disabilities.

2. He hereby complains of the following defendants:

    (a) GOOD NITE INN ROHNERT PARK, INC., a domestic company, aka Good-Nite

        Inn Rohnert Park, Inc. ("Good-Nite"), and doing business under that name;

    (b) GOOD NITE INN MANAGEMENT, INC., a domestic company ("Management

        Company");

    (c) CITY OF ROHNERT PARK ("City"); and

    (d) DOES 1 through 30, Inclusive ("DOES").

3. All facts herein are alleged to be true on the date of incident and through time of filing this

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages

1  complaint.

2

3  **Introduction**

4  4. Muegge has permanent physical disabilities requiring his use of wheelchair for mobility and use

5     of other adaptive aids for accomplishing ordinary tasks.

6  5. The named-defendants each own, operate, or lease the Good Nite Inn on Redwood Drive in

7     Rohnert Park.

8  6. The facilities of the Good Nite Inn in Rohnert Park are inaccessible to individuals using

9     wheelchairs, including, but not limited to, their site arrival points, routes of travel,

10    guestrooms, and other amenities and services. Many of these conditions related to

11    defendants' policies, practices and procedures.

12 7. Therefore, for legitimate purposes of patronage, Muegge brings suit seeking full and equal

13    access to the hotel and its facilities.

14 8. His goals are positive and seek to achieve, *inter alia*:

15    (a) Modification of policies, practices and procedures denying wheelchair access to hotel

16       services;

17    (b) Correction of discriminatory conditions on defendants' website;

18    (c) Elimination of inaccessible structural facilities; and

19    (d) Meaningful equality.

20

21 **Jurisdiction and Venue**

22 9. Original jurisdiction is conferred for violations of 42 U.S.C. 12101, et seq.

23 10. Diversity jurisdiction exists under 28 USC 1332.

24 11. Plaintiff is a citizen of Hawaii, and the defendants are citizens of California.

25 12. The potential value of Muegge's claims herein exceeds $75,000. [1/]

26 ───────────────

27 [1]  *See*, <u>*Tallarico v. Trans World Airlines*</u>, 881 F.2d 566 (8thCir.1989), where the federal court affirmed a trial court's
   assessment of $80,000 compensatory damages when a disabled woman was wrongfully denied access to an air
   carrier, even though she flew out on another flight the same day; and <u>*Hankins v. El Torito*</u>, 63 Cal.App.4th 510,
28    515 (1998), where the court of appeal affirmed an $80,000 damages award, and although it involved no special
   damages or personal injury.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                              — 2 —

1  13. Supplemental jurisdiction over California causes of action is proper, including for:

2      (a) Violations of California Health & Safety Code Sections 19955 *et seq.*

3      (b) California Civil Code Sections 51 *et seq.*, 54 and 54.1 *et seq.*

4      (c) Government Code § 12948.

5      (d) Business & Professions Code § 17200 *et seq.*, and

6      (e) Negligence per se.

7  14. Venue and intradistrict is proper as the subject real property is in this district.

8

9  **Parties and Facts**

10 **A. Muegge**

11 15. Since 2003, Muegge has been a permanent resident of Kihei, Hawaii.

12 16. He is a veteran.

13 17. At all times relevant, he has been a qualified as an individual with a disability (and aggrieved

14     or potentially aggrieved) for all purposes under the ADA and California law.

15 18. He has incomplete quadriplegia (C5 & C6) due to vehicle related accident in 1973.

16 19. This condition affects major life activities.

17 20. He has no ability to ambulate, has a diminishing grip, and reach range limitations.

18 21. His physical conditions require:

19     (a) Full-time use of a wheelchair for mobility.

20     (b) Traveling in a specially-adapted van equipped with a lift.

21     (c) Use of adaptive physical techniques for reaching objects and operating doors and

22         activating controls.

23     (d) And careful movements along sloped ground and floor surfaces and over and around

24         abrupt changes in rise.

25 22. Muegge relies upon the three sides of his chair as points of safety and for stability. He becomes

26     vulnerable to falling when leaving the chair for bathing or for use of sanitary facilities. His

27     ability to make safe transfers is reliant upon accessible facilities.

28 23. His ability to stand temporarily and pivot on his feet is entirely dependent upon the availability

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                                        — 3 —

1    of adjacent grab bars, handholds or other means of vertical support.

2    24. He has diminished grip and sense of feel in his fingertips.

3    25. He has diminished strength in both of his arms and hands.

4    26. Because of these physical conditions, as well as his natural seated position when moving about

5    in public, he has:

6    (a) Reach limitations; and

7    (b) Difficulty performing fine motor tasks, especial those that require tight grasping,

8    pinching or twisting of the wrist.

9    27. Conditions such as controls and amenities placed outside of reach range and abrupt changes

10   in rise in the public sidewalk cause him difficulty.

11   28. He owns and uses a wheelchair and lift-equipped vehicle.

12   29. His physical disabilities qualify him for using designated accessible parking facilities.

13   30. Muegge's friend, who visited him at the Hotel during his staying, also has disabilities requiring

14   use of a wheelchair, has a lift-equipped van, and is also licensed and qualified for use of

15   designated accessible parking facilities. Muegge and the friend used the van and the hotel's

16   designated parking during his stay.

17   31. Muegge's physical conditions expose him to risk of injury as well fatigue when forced to use

18   facilities that fail to meet the standards set for being readily accessible and usable by persons

19   using wheelchairs.

20   32. Part of his daily endurance also depends upon that of his battery-powered equipment.

21   33. Facilities that fail to comply with access codes cause him such risk, fatigue and limitation.

22   34. All conditions identified herein under paragraph 117 affect, and relate to, his specific

23   disabilities, as described.

24   35. He has no adequate remedy at law as to the recurring damages facing him each time he and

25   other similarly situated disabled persons return to these inaccessible facilities.

26   36. Unless the relief requested herein is granted, he and other guests with disabilities will suffer

27   irreparable harm in that their fundamental right to seek accessible public facilities will be

28   abridged and denied.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

37. He is not required to make any disclosures related to that of high frequency litigants.

38. The statute defining such litigants is inapplicable to him because of the following:

   (a) In the last 12-month period, he has filed less than 10 complaints alleging a construction-related accessibility violation.

   (b) Almost without exception, all his past suits alleging construction-related accessibility violations have both sought and/or obtained resolutions settlement requiring remedial repairs to comply with the ADA and/or state law.

**B. Plaintiff's Counsel**

39. Muegge' attorney is also not required to make any disclosures related to high frequency litigants because the statute defining such counsel is inapplicable to his practice.

40. The foregoing is true for at least the following reasons:

   (a) Although during the nearly 28 years of his practice he has specialized almost exclusively in resolving construction access claims, his overall average of such filings falls below 10 per year.

   (b) He has never represented a high-frequency litigant.

   (c) Almost without exception, all the suits in which he has represented clients with disabilities have succeeded in obtaining significant and enforceable injunctive relief, usually by consent decree, or otherwise through a court-enforceable settlement agreement.

**C. Defendants**

41. "Defendants" are Good-Nite; Management Company; City; and DOES.

42. The two private defendants (Good-Nite and Management Company) and DOES shall be referred to as the "private-named defendants."

43. The true names and capacities of defendants sued as DOES are unknown to Muegge.

44. On information and belief, DOES are agents or employees of the named defendants.

45. Such agents and employees acted within the scope of that agency or employment.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

46. The necessary information establishing the true names and capacities of said DOES is presently unavailable to plaintiff, and will not be ascertainable solely through public records, and thus will require discovery.

47. The City is named in various causes of action, but strictly in relation to the claim at ¶ 115.2.1 (the absence of an accessible route from the public sidewalk/transportation stops leading to the hotel's primary main entrance).

48. Muegge has not filed a government claim applicable to his damage claims but seeks no compensatory damages from the City outside his causes of action under federal law, i.e., COA X and XI.

49. The private defendants are serial offenders.

    (a) On information and belief, each has been sued one or more times for access violations, yet never bother to perform proactive CASp surveys and other company owned locations to ensure their facilities comply with construction and programmatic obligations under the ADA and California law.

    (b) Instead, each follows a distinct pattern and practice of pretending to be "grand-fathered," or ignoring their obligations altogether, or simply remaining ignorant of them until being sued.

50. Muegge wrote the letter to defendants at Exhibit 1 describing his miserable experience and asking for correction of his concerns. Exhibit 1 is a true and correct copy of that letter. Unfortunately, defendants failed to respond.

51. Defendants knew their barriers and practices would act to exclude and deter persons using wheelchairs.

52. And thereby deny them full and equal access.

53. In fact, the guestroom bathroom barriers are so obvious as to implicate a case of discriminatory intent.2/

54. Defendants' inaction was thus in complete indifference to the probable result.

55. He is further informed and believes that, long before his visit, defendants were:

---

2  *See, Gunter v. Lin* (2006) 144 Cal.App.4th 223, 229, ftn. 6.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

1     (a) Made aware of their barriers, access obligations, and the effect on wheelchair users.

2     (b) Such awareness was made through, inter alia, prior complaints received from persons

3        with disabilities.

4     (c) Also through media sources.

5     (d) Also through governmental sources.

6     (e) Also through the sophistication of this major company.

7     (f) And defendants were thus on notice.

8     (g) Despite this notice, defendants have knowingly failed and refused to cure.

9     (h) Such conduct was thus despicable.

10    (i) It was thus made in conscious disregard of the known effects.

11 56. This conduct thus justifies imposition of treble and/or punitive damages, were available.

12

13 **D. The Website**

14 57. The hotel's website at http://rohnertpark.goodnite.com reserves rooms exclusively for the

15     subject Good Nite Inn in Rohnert Park.

16 58. On information and belief, this website was created, and is owned and managed by defendants.

17 59. No part of the website discusses the existences of accessible accommodations at this hotel, or

18     the hotel's policies, practices and procedures for accommodating such guests with

19     disabilities.

20 60. On information and belief, this hotel is responsible for the failure of other third-party travel

21     sites that also fail to publish data concerning this hotel's accessibility options.  This is this

22     because this hotel's failure in turn causes these other sites such as Experida.com, Hotels.com,

23     Trivago.com reservations.com, etc., to also lack the necessary data. Consequently,

24     defendants additionally violate the third-party obligations imposed by § 36.302.

25 61. On information and belief, the hotel provides both its website and hotel staff with no formal

26     training, handbook or written policy, practices and procedures for accommodating guests

27     with disabilities.

28

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages      — 7 —

### E. The Property

62. The Good Nite Inn is located at 5040 Redwood Drive in Rohnert Park (APN parcel 045-081-019), with its boundaries established on its western and northern borders by a driveway and several commercial properties, the eastern boundary by the 101 freeway, and to the south by the public street called Golf Course Drive.

63. Although the hotel appears to be one long building, the building department treats it as several buildings.

64. The records of the county recorder indicate the city holds an easement or lessor's interest applicable to some portion of the parcel or its access, but it is presently uncertain to which portion of the property this interest applies.

65. Based public records and other information and belief, plaintiff alleges:

    (a) The real property is owned by Good-Nite and DOES

    (b) Management Company and DOES are directly controlled subsidiaries and agents of Good-Nite and DOES.

    (c) This complaint already joins all parties that:

        (i) Claim an interest in the subject matter of this action;

        (ii) Are necessary to accord complete relief among the parties; and

        (iii) Are indispensable to obtaining complete relief.

### F. Construction Work

66. Construction work has occurred on the property since July 1, 1970.

67. On information and belief, such construction work includes:
    (a) New construction
    (b) Additions
    (c) Improvements
    (d) Remodeling
    (e) Alterations, and/or
    (f) Structural repairs

68. Original 1989 Construction. Assessment records indicate this hotel was built in 1989, and the records of the building department indicate the first of its three buildings was certified for first occupancy in 1990, opening as the Good Nite Inn.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

69. 2001 Remodel & Retrofit. Another notable project occurred in 2002, when defendants took out Building Permit No. BP2001-0559C, valued at $500,000 to "Remodel ... 125 Exiting Bathrooms." (Hereafter, this project shall be referred to as the "2001 Remodel & Retrofit")

   (a) The work under this permit was completed and finalized by the building department.

   (b) On information and belief, the 2001 Remodel & Retrofit also involved other major electrical, structural and plumbing projects.

   (c) At the time it was performed, such work was subject to the 1998 edition of Title 24, Part 2, of the California Code of Regulations, effective July 1, 1999 ("98-T24"), which is also known as the California Building Code.

70. "Other Construction Work." Additional permitted work to the building that, under California law, duplicatively caused some of the same access obligations to attach, including:

   (a) Finalized Building Permits BP2001-0213B and BP2001-282C in 2001, involving demolition, repair of dry rot damage, and shoring at the south end of the building. This work was subject to the 98-T24, as well as ADAAG, and was at least sufficient to trigger path of travel requirements.

   (b) Finalized Permits BP2001-031C and BP2003-0467C, involving construction of walls and the framing and structural retrofit of the building. This work was subject to the 2007 Title 24 requirements, eff. Jan. 1, 2008, as well as ADAAG, and was at least sufficient to trigger path of travel requirements.

   (c) Finalized Permit BP2011-0603B in 2011, which involved the removal of a damaged wall and its rebuilding. This work was subject to the 2010 Title 24, as well as ADAAG, and likely triggered the same obligations outlined herein as areas of alteration, or at least pursuant to path of travel requirements.

71. The 2001 Remodel & Retrofit, as well as the Permit Nos. BP2001-0213B, BP2001-282C, BP2001-031C, BP2003-0467C, and BP2011-0603B, each triggered the obligation of defendants to comply with literal design requirements imposed by the Americans With Disability Act Access Guidelines published in 1991 (ADAAG, eff. Jan. 26, 1992) and/or the Americans with Disabilities Act Access Standards (ADAS, eff. March 15, 2011), and

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

therefore implicate all structural and programmatic access conditions outlined herein.

72. On information and belief, other alteration or remodeling work has also occurred at the property triggering the obligation of defendants to comply with literal accessible design requirements of state and federal law.

73. For instance, on information and belief, and during the statutory period of both California and federal law:

(a)  The subject guestrooms have received new fixtures and/or re-tiled surfaces.

(b)  The front lobby been remodeled.

(c)  The parking has been resurfaced, slurry-sealed, restriped, etc. on multiple occasions.

(d)  Other parts of the property have undergone triggering work with or without permits.

**G. Absence of Defenses**

74. On information and belief, during the statutory period of the ADA:

(a)  Defendants have performed no barrier removals or policy adjustment;

(b)  This excepts the minimal restriping of the parking lot and provision of signage.

75. As of this filing, Defendants have not engaged a CASp to determine their access obligations.

76. As of this filing, defendants have not secured a CASp report as to their access obligations.

77. As of this filing, defendants have not posted any notice at their front entrance that a CASp report is pending.

78. As of this filing, defendants have no present plans to remove barriers or make the requested policy modifications, nor building permit or permit applications on file to perform same.

79. On substantial information and belief, the expansive scope and nature of the 2001 Remodel & Retrofit (discussed at ¶ 69), as well as the "Other Construction Work" (discussed at ¶ 70), caused all code-related-obligations listed herein to apply to defendants' work, i.e., either as part of the area of alteration or pursuant to path of travel obligations.

80. None of the work conducted in these projects and their resulting deviations from the literal design requirements for access qualified for a construction tolerance, and for at least the

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 10 —

following reasons.

(a) The 89-T24 and 98-T24 did not recognize the concept of "construction tolerance."

(b) At the time there were no "in-the-field conditions" that would have justified deviation from the literal design requirements, or that weren't capable of avoidance through careful design and construction techniques.

(c) Many, if not most, of the deviations were subject to specific ranges of compliance, and thus were of the type where construction tolerances are never allowed.

81. For all construction projects, there is no evidence on file with the local building department that defendants or predecessors ever obtained, much less sought, any form of relief from the literal design requirements for disabled accessibility imposed by Title 24. This includes a failure to obtain:

(a) An "exception" from such requirements (which required formal filings with the building department meeting the requirements for unreasonable hardship exceptions). See, e.g., 98-T24 at § 222.

(b) An "exemption" from such requirements (which requires ratification through an appeals process). See, e.g., 98-T24 at § 101.17.11 4.

(c) The building department could not have lawfully granted an unreasonable hardship exception ("UHE") excusing it from performing its path of travel obligations, because the cost of these project, particularly the 2001 Remodel & Retrofit, did not qualify for this form of relief. (See, e.g., 98-T24 at § 222.)

(d) Per the restrictions for granting this exception, this last statement is true for at least the following reasons:

(i) The hotel guestrooms and supporting paths of travel were constructed as a part of the expansive project's actual area of alteration, and thus had an independent accessibility obligation that exists irrespective of the secondary path of travel obligation.

(ii) The value of the 2001 Remodel & Retrofit then far exceeded the applicable ENR

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 11 —

ceiling for UHEs excusing path or travel obligations, per § 1134B.2.1, Excep. 1.

82. For each alleged access violation listed herein at paragraph 115, there are no scoping or occupancy-specific exemptions available to hotels under state or federal law, i.e., that would reduce these obligations or excuse making them compliant.

(a) Under both Title 24 and federal law, the general site arrival and accessible route obligations are found among the chapters imposing general requirements, and thus they apply to all types of facilities unless reduced or exempted by scoping or occupancy. (See generally, 89-T24 at § 611(a), Interpretive Note ("The general requirements section covers items which are common to all buildings including, parking, entrances, doorways, restrooms. etc. These general items must be provided in all buildings which are required to be accessible by these regulations"); 16-T24 and clarification of this form of application found at §§ 11B-201.1, 11B-301.1; 11B-401.1; & 11B-501.1; and same under ADAS at §§ 201.1, 301.1; 401.1; 501.1, & DOJ Advisory 201.1 (providing that requirements apply to all areas of a facility "unless exempted, or where scoping limits...").

(b) Neither Title 24 nor federal code provide hotels a scoping-specific- or occupancy-specific-exemption that would limit, reduce or excuse defendants from performing the obligations set forth herein. (See 89-T24 § 1214.1(a) 1 (former Group R, imposing parking requirements at § 2-7102); 98-T24 § 1111B.1 and § 1111B.4 (Group R, requiring at the former that accessibility be provided in all public use and common areas); 16-T24 § 11B-224 (re hotel scoping, providing no scoping restriction applicable to parking for hotels); and ADAS § 224 (same).

83. There are no other defenses or legal entitlements that would excuse defendants from performing these obligations.

84. In additional to the general requirements imposed by state and federal accessibility codes, and those imposed by the state for Group R occupancies, this business must meet additional the requirements for other occupancies housed within it, including, but not limited to, Group B.

85. Because accessibility codes have changed over the years while defendants neglected to correct

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

their construction access violations, particularly those triggered by the 2001 Remodel & Retrofit, any work they now undertake to correct these violations will also have to meet any heightened requirements imposed by the modern state and federal codes applicable to the work conducted in the original areas of alteration, i.e., in accordance to the modern requirements now imposed by the 2016 California Building Code ("16-CBC") and 2010 Americans with Disability Act Standards ("ADAS"). 3/

86. Hence, for each of the violations that are noted hereinbelow, plaintiff will cite to the obligations imposed by modern code requirements.

**H. Standing.**

87. Muegge stayed at the hotel on July 29, 2016 thru August 8, 2016.

88. The identified barriers are pervasive and encompass the entire hotel and Good Nite.

89. The codes require full and equal access to goods, services, advantages, and accommodations.

90. The subject barriers and practices inhibit Muegge from enjoying full and equal access.

91. They violate state and federal codes protecting disabled access.

92. As of this filing, they have not changed.

93. Consequently, they continue to deny him and wheelchair users their basic rights.

94. He He has both Article III and prudential standing to seek the specified relief, which is established by the following:

(a) He has suffered actual injury, which continues through this filing.

(b) As set forth herein, he was injured and damaged on the dates specified in ¶H.

(c) The barrier removals and policy changes sought relate to his specific disabilities.

(d) As further set forth in ¶s 17 thru 34, and in ¶ 115, the current conditions and policies complained of are restricted to those that affect his:

(i) Use of a wheelchair;

(ii) Diminished strength, grasping abilities and reach.

---

3  See, e.g., 89-T24 § 110A(b) 11 A (5), Excep. 2, made applicable to private facilities via § 110A(b) 11 B (4); 16-T24 § 11B-202.4, Excep. 2-3; Cf. _Shelby Realty Company v. City of San Buena Ventura,_ 10 Cal.3d 110, 125 (1973) (court "will apply the law in existence at the time of its decision").)

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

(e) Within the last two years he suffered the discrimination described herein.

(f) He has a long history of past residency and visits to the area.

(g) He stays in the area for each access to the Graton Casino.

(h) The price offered by defendants is competitive and affords him a longer stay.

(i) Due to this proximity, convenience and other factors, and his length history of staying in the area, his desired patronage is established to an exceptional degree.

(j) He thus reasonably expects the need to return when the site on a yearly to bi-yearly basis.

(k) He is aware and/or experienced each of the described barrier and policy conditions.

(l) He has made himself generally knowledgeable about his civil rights.

(m) He has bothered to make himself aware of the hotel's alteration history

(n) He has also made himself generally aware of defendants' legal obligations.

(o) For the foreseeable future, he is likely to be deterred by his knowledge of these conditions from returning, particularly by the hotel's guestroom facilities.

(p) He thus has reasonable grounds to fear he is about to be subjected to discrimination.

(q) And to believe that he is both aggrieved and potentially aggrieved.

(r) The site's correction will immediately enable his return and enjoyment of the hotel on a full and equal basis, including the subject site arrival points, guestrooms, routes and amenities.

(s) When corrected, he plans to return to use those portions that currently deter him.

(t) He has invested substantial money and time to research obligations.

(u) For the foregoing reasons, he has injuries that continue to be redressable.

(v) He will therefore benefit from the injunction sought.

95. Herein, he seeks to protect and fully enforce the public interest, and will place such interests ahead of his own.


**I. Damages**

96. The subject barriers and policies act to deny Muegge the full and equal opportunity guaranteed to him at law, as well as full integration into the hotel's programs and services.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

97. On information, defendants continue to violate the rights of wheelchairs users.

98. As a result, he has been required to incur legal expenses and attorney fees.

99. These have been incurred to enforce his rights and to enforce the law.

100. His efforts also seek to protect access for persons using wheelchairs.

101. His efforts thus justify "public interest" attorneys' fees.

102. Defendants' violations have caused him both injury and distress, to his general damage.

103. More specifically, he suffered:
   (a) Denial of his civil rights
   (b) Embarrassment
   (c) Humiliation
   (d) Physical and bodily injury, and
   (e) Serious emotional distress.

104. As a result of the inaccessibility of his guestroom shower, Muegge was unable to use this facility and was forced to bath near the sink in "bird-bath" fashion.

105. His damages are those normally and naturally associated with violation of one's civil rights.

106. He seeks damages for each offense, and strictly on a per-incident and per-offense basis.

107. He also seeks damages for each date of deterrence, and subject to proof at time of trial.

108. His claim for damages is limited to all visits to the hotel occurring within two years of the date of this filing. (See ¶H.)

109. Alternatively, he seeks $4,000 per offense and deterrence, subject to proof, per Civil §52(a).

110. Alternatively, he seeks $1,000 per offense and deterrence, subject to proof, per §54.3(a).

111. He will also seek an enhancement under Code Civ.Proc. §1021.5.

112. Since defendants' actions violated statutory protections, they are negligence per se.

## J. Violations.

113. At plaintiff's request, his representatives appropriately investigated each of his complaints and all conditions directly affecting his ability to access the premises on a readily usable basis. 4/

---

4  *Hansen v. Deercreek Plaza, LLC*, 420 F.Supp.2d 1346, 1359 (S.D. Fla. 2006) (In ADA matters, conducting a pre-suit investigation constitutes sound legal practice).

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

114. This investigation confirmed the hotel fails to provide access to:

(a) Website facilities;

(b) Site arrival facilities;

(c) Guestroom facilities; and

(d) Basic amenities, such as the lobby, pool, guest laundry, and smoking areas.

115. Muegge alleges denial of access as to the following structural conditions and policies:

**115.1. WEBSITE FACILITIES.**

(a) This Rohnert Park hotel's online reservation system, which provides guests with discounts that are not available by telephone or at the front desk, is discriminatory against individuals with disabilities because it fails to afford them with an equal opportunity to shop for, and reserve, accessible rooms. Consequently, for such individuals to obtain the same discounts as those available to others, they must first reserve a standard room and then place a call to find out if the reserved room is available with accessible features, whether it is available for the desired dates, and whether it has the desired general features and amenities. Requiring an inquiry not required of others is unequal, unreasonable, and discriminatory. Muegge therefore seeks an injunction ordering defendants to modify their online policies, practices and procedures.

(b) This policy violates DOJ Title III Regulations, § 36.302.

**115.2. SITE ARRIVAL FACILITIES.**

**115.2.1. Boundary Path.**

(a) The code designates public sidewalks, walkways, parking and passenger loading zones as "site arrival facilities." The existence and accessibility of such facilities are fundamental to achieving the ADA's goal of permitting persons with disabilities to arrive and participate on a full and equal basis. When serving or part of altered area, such facilities must be configured to be readily accessible and usable by individuals with disabilities. Here, and as demonstrated below, all the hotel's site arrival facilities are inaccessible to individuals using wheelchairs,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 16 —

1    including its routes from the public sidewalk, its passenger loading area, and its

2    designated accessible parking stalls.

3    (b) Here, the hotel lacks accessible routes connecting the public rights of way and bus

4        stops with the hotel's primary entrances. The existing routes, which are not

5        readily apparent, utilize driveways that have non-compliant slopes and cross-

6        slopes, and lack required signage and curb ramps.

7    **115.2.2. Parking.** The hotel lacks compliant designated accessible parking facilities for at

8    least the following reasons:

9    (a) Lot Signage. It lacks required signage at lot entrances warning violators that they

10       are subject to tow for parking unlawfully in designated accessible parking stall or

11       their access aisles.

12   (b) Scoping. It lacks sufficient designated accessible parking stalls, providing only 5

13       when 6 are required, and configuring none of these stalls for van accessibility when

14       3 should be so configured.

15   (c) Configuration. The existing designated stalls and their access aisles are not

16       configured to the correct size.

17   (d) Slope and Projecting Ramps. Their surfaces have non-compliant slopes and cross-

18       slopes. This is partly due to ramps that improperly project into the access aisle.

19   (e) Signage and Identification. They are not properly marked and signed for

20       accessibility and for enforcement purposes.

21   (f) Connection. They are not connected to an accessible route.

22

23   **115.3. GUESTROOMS**

24   **115.3.1.** Deficiencies in Designated Accessible Facilities:

25   (a) The hotel fails to provide the total number guestrooms required by code to be equipped

26       for mobile accessibility, having only three such room on site when seven are required.

27   (b) The existing accessible guestrooms are not reasonably spread across the full range of

28       accommodation, but are limited to a single, one-bed class, and all are found at inferior,

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

1   non-premium locations.

2   (c) Nearly every element these guestrooms are inaccessible to Muegge and other similarly

3   situated persons, including, but not limited to, the entrance, controls, desk, clothes

4   bar, sink, and, most humiliatingly for Muegge, the toilet and bathing area, and as

5   described as follows:

6       (a) The entrances to the current designated accessible guestrooms lack both

7           compliant signage and hardware, and the windows lack clear floor space for

8           operation.

9       (b) The drape-pull wands are straight type, and therefore improperly require tight

10          grasping to operate, and are set too high.

11      (c) Controls for lighting lack clear floor space and/or require tight grasping, pinching

12          or twisting of the writs to operate.

13      (d) The desk in the designated rooms lacks required kneespace.

14      (e) The bed lacks a 36″ clear width maneuvering space of both of its sides.

15      (f) Both the clothes bar and clothes shelf are mounted too high.

16      (g) The bathroom door swings into the door landing of the sink.

17      (h) The hair dryer is mounted outside of reach range.

18      (i) On the date of Muegge's visit, the dresser handles were not accessible and

19          required tight grasping, pinching or twisting of the wrist to open the drawers.

20      (j) The drain pipe and line feeds under the sink are not wrapped.

21      (k) The door landing for the bathroom lacks sufficient depth and strike edge

22          clearance.

23      (l) In Room 110, and on information and belief, in other designated rooms, the

24          bathroom door lacks lever-handled hardware, and the lock requires tight grasping,

25          pinching and twisting of the wrist to operate.

26      (m) Coat hooks on the back of the door are mounted outside compliant reach range

27      (n) In Guestroom 110, and, on information and belief, in other designated

28          guestrooms, the bathroom lacks turning space.

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                    — 18 —

(o) In Guestroom 110, and, on information and belief, in other designated guestrooms, the bathroom lacks clear floor maneuvering space at the toilet.

(p) In Guestroom 110, and, on information and belief, in other designated guestrooms, the rear grab bar is too short, and consequently fails to project correctly to the wide side of the toilet.

(q) For the shower in Guestroom 110, and, on information and belief, in other designated guestrooms, a fold down bench is not provided, controls and the wand are outside of reach range and require tight grasping, pinching and twisting of the wrist to operate, the soap dish is outside of reach range drain has noncompliant slopes, and compliant grab bars are not provided.

(r) Other designated rooms equipped with a tub have similar deficiencies concerning the controls and grab bars.

(s) In all designated guestrooms, the hotel staff has a documented-practice of hanging towels on the side grab bar, obstructing its use, and the towel rack and towels behind the toilet are not adjacent to a clear floor ground space and are set ouside reach range.

## 115.4. LOBBY AND OTHER AMENITIES

### 115.4.1. Lobby

(a) The entry doors to the lobby on the parking lot side do not display the international symbol of accessibility.

(b) The entry doors to the lobby on the courtyard side do not display the international symbol of accessibility.

(c) The entry doors to the lobby on the parking lot side require a push pressure of approximately 10lbs of force to open.

(d) One of the leaves for the entry doors to the lobby on the courtyard side requires a push pressure of approximately 10lbs of force to open.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

(e) The entry doors to the lobby on the parking lot side returns to the closed position in approximately 2 seconds.

**115.4.2. Pool**

(a) The strike edge clearance for the door landing at the south entrance is insufficient.

(b) The height of the latch for the south entrance is set too high, at approximately 72" AFF.

(c) The life preserver and safety hook are each set too high and not adjacent to a clear ground floor space.

(d) The circular planter has a drop off condition of approximately 7", which is hazardous and lacks tactile warning.

(e) The three tables in the swimming pool enclosure lack required knee space.

(f) The slope of the surface on the exterior side of the west gate is approximately 4%.

(g) The slope of the sidewalk between the west gate for the swimming pool and the parking lot has a slope of approximately 8% and there is no element of a compliant ramp provided.

(h) The sidewalk between the southwest corner of the main building and the parking lot terminates in a curb in two locations and no curb ramp has been provided at either place.

**115.4.3. Guest Laundry:** The guest laundry room fails to provide disabled access because:

(a) The entry door for the laundry room has a deadbolt that is set too high, and requires twisting of the wrist to operate.

(b) The folding counter is set too high.

(c) The vending machine for the boxes of soap and fabric softeners is set in an

Thimesh Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

alcove that is approximately 24" wide and approximately 28" deep.

**115.4.4. Smoking Areas:** The designated smoking area on the east side lacks an accessible route because there is no curb ramp and because the area itself has a surface that is not firm, stable and slip resistant. There is also no signage indicating the location of the accessible smoking area.

**115.4.5. Circulation Routes:** The site's pedestrian circulation routes are interrupted by non-compliant curb ramps, drop-off conditions, as well as daily obstructions of the walkway caused by the improper policies, practices and procedures of the guestroom service staff, who obstruct the circulation routes on daily basis with their service carts, making such routes impassible for guests using wheelchairs.

**115.4.6. Curb Ramps.**

(a) The sidewalk long the face of the building crosses into the parking lot in the vicinity of room 124 and no curb ramp has been provided.

(b) The sidewalk long the face of the building crosses into the parking lot in the vicinity of room 128 and no curb ramp has been provided.

(c) The sidewalk running along the north edge of the swimming pool crosses into the parking lot in the vicinity of the northwest corner of the swimming pool and no curb ramp has been provided.

(d) None of the curb ramps on the site have any tactile warning on them.

(e) The curb ramp outside room 10 has a vertical change at the bottom of approximately ½".

(f) The curb ramp outside room 10 has a length of approximately 10'.

(g) The curb ramp outside room 42 has a vertical change at the bottom of approximately ½".

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Thimesch Law Offices

(h) The curb ramp outside room 42 has a length of approximately 10'.

(i) The curb ramp outside room 128 has a vertical change in the middle of the ramp of approximately ½".

(j) The curb ramp outside room 128 has a length of approximately 10'.

(k) The sidewalk between the west gate for the swimming pool and the parking lot terminates in a curb ramp and there is a vertical change in elevation of approximately 1" between the concrete and the asphalt.

(l) The sidewalk between the west gate for the swimming pool and the parking lot terminates in a curb ramp that is approximately 8' long.

(m) On information and belief, the slope of most of the curb ramps on site exceed 8.33%. For example, the sidewalk between the west gate for the swimming pool and the parking lot terminates in a curb ramp that has a slope of approximately 10%.

116. All the foregoing identifications are without prejudice to plaintiff citing additional structural and policy conditions after a formal inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008), Chapman v. Pier One Imports (USA), Inc., 631 F.3d 939 (9th Cir. 2011), and Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011).

**Causes of Action.**

I.

Title III of the Americans with Disabilities Act

117. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 116.

118. This cause of action is applicable to the private-named defendants.

119. It is under Title III of the ADA, 42 USC §§ 12101ff.

120. Title III covers structural obligations imposed by various provisions of law, including:

121. The Americans with Disabilities Act Accessibility Guidelines (ADAAG);

122. The Americans with Disabilities Act Standards (ADAS); and

123. Part III of the Department of Justice implementing regulations, 28 CFR Part 36.

124. The hotel's various facilities each qualify as public accommodations.

125. Under this title, each of the defendants qualify as an owner, operator, lessor or lessee.

126. Under this title, each of the defendants also qualify as controller or manager.

127. Defendants' current policies, practices and procedures (as outlined within the subparagraphs of ¶ 115) discriminate against persons who use wheelchairs.

128. They deny Muegge his right to full and equal enjoyment.

129. They may be reasonably modified without much difficulty or expense.

130. Such modification is necessary to afford persons using wheelchairs with Good Nite's lodging services and facilities.

131. Defendants' failure to make such modification thus violates 42 USC 12182(b)(1)(A)(i).

132. The current practices concerning maintenance and lodging arrangements is unreasonable.

133. The foregoing current practices deny full participation in violation of §12812(b)(1)(A).

134. They also cause participation in an unequal benefit in violation of §12812(b)(1)(B).

135. They also cause him and others to receive different benefits in violation of §12812(b)(1)(C).

136. At all times after January 25, 1992, every condition identified herein in the subparagraphs of ¶ 115 were:

(a) Capable of removal without much difficulty or expense, per 12182(b)(2)(A)(iv);

(b) And where not so, mitigatable through reasonable modifications under Id., subs. (ii);

(c) Was part of a newly constructed area, per § 12183(a)(1);

(d) Was part of an "altered" area, per § 12183(a)(2); and/or

(e) Impacted an area of "primary function" and "path of travel" obligations, per Id.

137. Muegge is entitled to the remedies and procedures set forth in 42 USC 2000a-3(a).

138. He seeks an injunction, per § 12188(a)(1) thru (2).

139. He seeks an award of reasonable attorney's fees, litigation expenses and costs, per § 12205.

140. This request additionally seeks the expense of experts and consultants, per 28 CFR 36.505.

Wherefore, he prays that this court grant relief as hereinafter stated.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 23 —

Health & Safety 19955 et seq.

141. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 140.

142. Because of his standing (see ¶¶ 87 - 95), he is both aggrieved and potentially aggrieved.

143. This cause of action is applicable to the private-named defendants.

144. Defendants' businesses are public accommodations and facilities, per §19955(a).

145. They are comprised of buildings, structures, facilities, complexes, or improved areas.

146. They are open and available to the public.

147. They have sanitary facilities that are made available to the public, clients and employees.

148. The restrooms are a fundamental part of defendants' facilities.

149. Without restrooms, wheelchair users are denied fundamental access to such facilities.

150. Hence, defendants deny such users access to an unreasonable portion of their facilities.

151. Under §§ 19955 et seq., he seeks correction of each structural item listed in the subparagraphs of ¶ 115.

152. Per ¶¶ 66 thru 73, supra, construction work has triggered such obligations under § 19956.

153. Such work obligated compliance with Chapter of the Government Code, §§ 4450 et seq.

154. Such work obligated compliance with the regulations of the ASA and/or the later Title 24.

155. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of paragraph 115.

156. He seeks an injunction as well as an award of reasonable attorney's fees per § 19953.

157. He seeks an award of attorney's fees and an enhancement under CCP § 1021.5.

Wherefore, he prays that this court grant this and the other relief set forth in the prayer.

III.

Disabled Rights Acts, Civil Code §§ 54 et seq.

158. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 157.

159. This cause of action is applicable to the named-private defendants.

160. The hotel and its businesses are each a public accommodation, per Civil Code § 54.1.

161. They each also meet the broad categorization of covered-business types listed in § 54.1.

Thinesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

162. Civil Code §§ 54 et seq. is referred to as the California Disabled Rights Act (CDRA).

163. The CDRA covers structural obligations imposed by other law.

164. He therefore incorporates in full the second cause of action.

165. It also seeks to remedy policy violations, i.e., if necessary to guarantee physical access.5/

166. Defendants' acts and omissions outlined herein violate his rights under the CDRA.

167. Defendants' violations of the ADA also constitute violations of the CDRA, per § 54.1(d).

168. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

169. He has been denied his rights under both the CDRA and ADA as outlined herein.

170. As a result, he has suffered damages, and seeks relief, as set forth at ¶¶ 102 thru 110.

171. He seeks additionally seeks an award of treble damages per Civil Code § 54.3.

172. He seeks an award of reasonable attorney's fees and costs per Id.

173. He also seeks an injunction as well as an award of reasonable attorney's fees per § 55.

174. He seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, he prays that this court grant this and the other relief set forth in the prayer.

IV.

Unruh Civil Rights Acts, Civil Code §§ 51 et seq.

175. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 174.

176. This cause of action is applicable to the named-private defendants.

177. The Good Nite, as well as the hotel in general, each meet the broad categorization of covered-business types listed in § 51(f).

178. Civil Code §§ 51 is referred to as the Unruh Civil Rights Act (Unruh).

179. Unruh covers structural obligations imposed by other provisions of law, such as Title 24.

180. He therefore incorporates in full the second cause of action.

181. It also remedies policy breaches that are necessary to guarantee physical access.

182. Defendants' acts and omissions outlined herein violate his rights under Unruh.

183. Defendants' violations of the ADA also constitute violations of Unruh, per § 51(h).

184. He has been denied his rights under both Unruh and the ADA as outlined herein.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

---

5  *Turner v. Ass'n of Am. Med. Colleges*, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), <u>as modified</u>.

185. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

186. As a result, he has suffered damages, and seeks relief, as set forth at ¶¶ 102 thru 110.

187. He seeks additionally seeks an award of treble damages per Civil Code § 52(a).

188. He seeks an award of reasonable attorney's fees and costs per Id.

189. He also seeks an injunction per common law applicable to Unruh.

190. He seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, he prays that this court grant this and the other relief set forth in the prayer.

## V.

### Government Code Section 12948

191. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 190.

192. This cause of action is applicable to the named-private defendants.

193. A violation of the CDRA or Unruh entitles violates Government Code § 12948.

194. He therefore incorporates in full the fourth and fifth cause of action.

195. He therefore seeks alternatively under this statute:

196. Injunctive relief;

197. Statutory and compensatory damages;

198. Punitive damages pursuant to Civil Code § 3294; and

199. Attorney's fees, litigation expenses and costs.

Wherefore, he prays that the Court grant relief as requested herein below.

## VI.

### Negligence per se

200. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 199.

201. This cause of action is applicable to the named-private defendants.

202. Irrespective of the statutory requirements, defendants were negligent in their actions.

203. Because this negligence violated statutory protections, it constitutes negligence per se.

204. Such negligence proximately caused injury to him, including stress, suffering, and strain.

205. The negligence was done with complete indifference of the probable result.

206. He therefore alternatively seeks:

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

(a) Compensatory damages;

(b) Punitive damages pursuant to Civil Code § 3294.

Wherefore, he prays that the court grant relief as requested herein below.

## VII.

## Declaratory relief

207. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 206.

208. This cause of action is applicable to the named-private defendants.

209. It is also applicable to City, but strictly in relation to the claim at 115.2.1 (the absence of an accessible route from the public sidewalk/transportation stops leading to the hotel's primary main entrance).

210. A present and actual controversy exists.

211. It relates to:

(a) To establishing the respective rights and obligations between him and defendants.

(b) Whether the current configuration of the property violates applicable law.

(c) Whether violations have impressed obligations upon the property.

(d) Whether they are impressed irrespective of past or future ownership.

212. He requests a judicial determination by declaration of such rights and such obligations.

213. Such a declaration is necessary and appropriate so that the parties may ascertain their rights.

214. It will also prevent further harm or infringement of his civil rights.

Wherefore, he prays the court grant relief as requested herein below.

## VIII.

## Business & Professions Code § 17200 et seq.

215. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 214.

216. This cause of action is applicable to the named-private defendants.

217. Section 17200 is part of the Unfair Business Practices Act.

218. The act defines the practices that constitute unfair business competition.

219. They include any "unfair," "unlawful," or "fraudulent" business act or practice.

220. As remedies, the Act provides for injunctive relief, restitution, and disgorgement of profits.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages                — 27 —

221. The unlawful, unfair, and fraudulent business acts and practices are as described herein.

222. Such practices violate the declared legislative policies as set forth by state and federal law.

223. Particularly, they include, but are not limited to, those detailed at ¶ 115.

224. He and other persons similarly situated have been damaged by said practices.

225. He has lost money and property due to defendants' conduct.

226. He seeks relief §§ 17200 and 17203.

Wherefore, he prays the court grant relief as requested herein below.

## IX.

### Fraud

227. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 226.

228. This cause of action is applicable to the named-private defendants.

229. The events and allegations against defendants above described, including but not limited to the misrepresentations and facts described in paragraphs 115.2.1, above of the Complaint, constituted a fraud committed against Muegge who patronized the hotel and its facilities as a result of reliance on defendants' representations.

230. He did not know defendants' misrepresentations were false, and could not have discovered with reasonable diligence or other means that they were false.

231. He suffered denial of his Civil Rights, and personal physical, mental and emotional distress as above alleged and described, as a proximate result of this fraud.

232. He seeks recovery of all special and general damages, all attorneys' fees incurred as a result of defendants' fraud, and recovery of punitive damages pursuant to Section 3294 Civil Code, for the fraudulent, oppressive, and malicious acts of defendants, according to proof.

Wherefore, he prays the court grant relief as requested herein below.

## X.

### Title II of the Americans with Disabilities Act

233. Muegge incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru 232.

234. This cause of action is applicable to City, and relates strictly to the claim at ¶ 115.2.1 (the absence of an accessible route from the public sidewalk/transportation stops leading to the

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 28 —

1   hotel's primary main entrance).

2   235. On information and belief, the City owns the portion of the parcel relating to the main

3        driveway entrance, or to some other driveway entrance serving the hotel, and leases or

4        conveyed some similar interest or easement to the named-private defendants for using this

5        portion of the property for pedestrian and vehicular aggress.

6   236. Plaintiff is entitled to the protections of the "Public Services" provisions of Title II of the

7        Americans With Disabilities Act of 1990 (hereinafter referred to alternatively as the

8        "ADA").

9   237. Pursuant to 42 U.S.C. section 12132, section 202 of Title II, no qualified individual with a

10       disability shall, by reason of such disability, be excluded from participation in or be denied the

11       benefits of the services, programs or activities of a public entity, or be subjected to

12       discrimination by any such entity.

13  238. City is a public entity or agent who implemented the services for such agencies.

14  239. Under Title II, governmental entities were required by the compliance deadline of January

15       26, 1992 to perform a self-evaluation and implement a "transition plan," either bringing their

16       facilities into compliance with the ADA accessibility guidelines or altering their programs to

17       compensate for the accessibility deficiencies discovered in the ADA self-evaluation process.

18  240. The failure to have or implement a full transition plan taking into account this facility as a

19       government service is an evidentiary factor that the Court may evaluate in determining

20       whether Governmental Entity Defendants have met their Title II obligations.

21  241. For trial and/or appellate purposes in this case, plaintiff intends to challenge various district

22       court precedents finding disabled citizens lack a cause of action against the failure of a

23       government entity to have or implement a transition plan.

24  242. Removal of barriers and provision of access is further required under section 504 of the

25       Rehabilitation Act of 1973 for all recipients of federal financial assistance used to fund the

26       operations of the City and its other facilities, and under section 11135 Government Code for

27       the receipt of similar state funding.

28  243. The City has failed, in violation of Title II, to ensure that individuals with physical

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

disabilities, such as Plaintiff, are not excluded from services, programs and activities related to aggress from the hotel as set forth in ¶ 115.2.1.

244. As a result of such discrimination, in violation of section 202 of the ADA, Muegge is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive relief and damages for violation of their Civil Rights, as previously plead.

245. On information and belief, to the date of filing of the original complaint, the City has failed to make any of their facilities complained of and described herein properly accessible to and usable by physically disabled persons, as required by law.

246. Muegge requests appropriate damages according to proof for his complained of experience during his stay at the hotel when using the non-compliant pedestrian routes for aggress, as well as for litigation expenses and costs, and reasonable attorneys' fees as provided by law.

247. Muegge is further informed and believes that the City has failed to rectify this pedestrian path as a matter of deliberate indifference.

248. Plaintiff requests that an injunction be ordered City to make these routes accessible to and usable by individuals with disabilities.

Wherefore, he prays the court grant relief as requested herein below.

## XI.

## Section 504 of the Rehabilitation Act of 1973 & Govt. Code § 11135

249. Muegge repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 248 of this complaint and incorporate them herein as if separately repled.

250. This cause of action is applicable to City, and relates strictly to the claim at ¶ 115.2.1 (the absence of an accessible route from the public sidewalk/transportation stops leading to the hotel's primary main entrance).

251. Muegge is informed and believes and therefore alleges that at all relevant times, City is a recipient of federal financial assistance and state funding.

252. By its actions and/or inactions in denying disabled accessible on the subject route serving the

Thimesch Law Offices
158 Hilltop Crescent
Walnut Creek, CA
94597-3452
(925) 588-0401

Complaint for Injunctive Relief and Damages — 30 —

1    public right of way, City has violated Muegge's rights under section 504 of the Rehabilitation

2    Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder, the Uniform

3    Federal Accessibility Standards ("UFAS").

4    253. Muegge seeks damages related to the dates of his visit and use of these pedestrian routes.

5    254. He seeks injunctive relief ordering City to correct this access deficiency.

6    Wherefore, Plaintiff prays that the Court grant relief as requested hereinbelow.

7    XII.

8    Violation of Government Code §§ 4450 et seq. & § 11135

9    255. Muegge repleads and incorporates by reference, as if fully set forth again herein, the

10    allegations contained in Paragraphs 1 through 254 of this complaint and incorporate them

11    herein as if separately repled.

12    256. This cause of action is applicable to City, and relates strictly to the claim at ¶ 115.2.1 (the

13    absence of an accessible route from the public sidewalk/transportation stops leading to the

14    hotel's primary main entrance).

15    257. He is informed and believes and therefore alleges that the facilities identified at ¶ 115.2.1

16    facilities which were built, maintained or leased with public funds, or grants, credits, and

17    other funding measures.

18    258. He is further informed and believes and therefore alleges that City and their predecessors in

19    interest have since July 1, 1968 constructed, altered, or repaired these facilities within the

20    meaning of California Government Code sections 4450 and 4451, thereby requiring provision

21    of access to persons with disabilities, as required by law.

22    259. Further, since January 1, 1982, construction or alteration at such facilities also triggered

23    access requirements pursuant to section 4456 Government Code and Title 24 of the

24    California Code of Regulations.

25    260. Muegge seeks injunctive relief under section 19953 Health & Safety Code (governing

26    enforcement of actions under sections 4450ff Government Code), and recovery of reasonable

27    attorneys' fees and costs.

28    261. Pursuant to recent amendments of section 11135, a civil action for injunctive relief is

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

available to remedy violations.

Wherefore, he prays that this Court grant relief as requested hereinbelow.

**Prayer for Relief**

Muegge prays that this court award damages and provide relief as follows:

1.  Grant injunctive relief against defendants and successors-in-interest requiring:

    (a) The renovation of the subject facilities and modifications of policies, practices and procedures to provide full and equal access to:

        (i)  The website reservation system (per the claims in the subparagraphs of ¶ 115.1 beginning on p.16)

        (ii) The site arrival facilities (per the claims in the subparagraphs of ¶115.2 beginning on p.16);

        (iii)The public restroom facilities (per claims in the subparagraphs of ¶115.3 beginning on p.17).

        (iv)Other hotel amenities (per claims in the subparagraphs of ¶ 115.4 beginning on p.19).

    (b) Retain jurisdiction:

        (i)  Over defendants, their successors, and the subject property;

        (ii) Over the dispositional settlement, consent decree or judgment.

        (iii) And until satisfied all violations no longer exist, and will not recur.

    (c)  If the business closes, prohibit its reopening until all conditions are remediated.

2.  Issue a declaration that:

    (a) Defendants' actions and omissions as outlined violate law;

    (b) Sets forth plaintiff's rights; and

    (c) Sets forth defendants' obligations.

3.  Awarding plaintiff:

    (a) Statutory and "actual" damages, according to proof.

    (b) Treble damages where permitted.

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

(c) Punitive damages as to the Fifth, Sixth and Ninth Causes of Action;

(d) Prejudgment interest on all compensatory damages.

(e) All costs of this proceeding;

(f) Litigations expenses for the First Cause of Action;

(g) Reasonable statutory attorneys' fees as outlined herein, as well as an enhancement.

4.  Grant such other and further relief as this court may deem just and equitable.


Dated: July 30, 2018                     THIMESCH LAW OFFICES

                                          /s/ Timothy S. Thimesch

                                         Attorneys for Plaintiff ED MUEGGE

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

**Complaint for Injunctive Relief and Damages**

# PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. My address is 158 Hilltop Crescent, Walnut Creek, California.

On July 30, 2018, at the direction of an attorney who is a member of this court, I served the following document(s) on the following parties as follows:

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

The California Commission on Disability Access
721 Capitol Hotel, Suite 250
Sacramento, CA 95814

(By Personal Service) I caused /each such document to be delivered by hand to the offices of each addressee above.

X  (By Mail) I placed a true copy, enclosed in a sealed, postage paid envelope, in the U.S. Mail, at Walnut Creek, California.

(Courtesy PDF Transmitted by Email) I sent a true and correct copy to the party or parties indicated via email.

(By Federal Express) I caused each such document to be delivered by overnight courier to the offices of each addressee above.

(By Facsimile/Mail) I caused the said document to be transmitted by facsimile transmission to the number indicated after the addressees noted in the proof of service list. Additionally, I placed a true copy, enclosed in a sealed, postage paid envelope, in the U.S. Mail, at Lafayette, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this July 30, 2018 at Walnut Creek, California.

/s/ Timothy S. Thimesch

TIMOTHY S. THIMESCH

Thimesch Law Offices
158 HILLTOP CRESCENT
WALNUT CREEK, CA
94597-3452
(925) 588-0401

Verified Complaint for Injunctive Relief and Damages

— 2 —