KENNETH E. CHYTEN (SBN 88098)
LAW OFFICE OF KENNETH E. CHYTEN
300 East Esplanade Drive, Suite 900
Oxnard, California 93036
Telephone: (805) 981-3910
Facsimile: (805) 981-3913
E-mail: chyten@chytenlaw.com

Attorneys for Defendants, GOOD NITE INN ROHNERT PARK, INC., AND GOOD NITE INN MANAGEMENT, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ED MUEGGE,<br><br>        Plaintiff,<br><br>v.<br><br>GOOD NITE INN ROHNERT PARK INC., and GOOD NITE INN MANAGEMENT, INC.,<br><br>        Defendants. | CASE NO.: 18-CV-04604-DMR<br><br>**ANSWER OF DEFENDANTS GOOD NITE ROHNERT PARK, INC., AND GOOD NITE INN MANAGEMENT, INC. TO COMPLAINT**<br><br>[Jury Trial Requested] |

COMES NOW, defendants Good Nite Inn Rohnert Park, Inc., and Good Nite Inn Management, Inc. (collectively, "Defendants"), and in answer to the complaint of plaintiff Ed Muegge ("Plaintiff"), admits, avers, and denies as follows:

1. Answering the allegations of paragraphs 1, 2, 3, 5, 7, 8, 41, 42, and 62 to 65, Defendants admit the Good Nite Inn Rohnert Park ("Hotel") operates as a hotel at the alleged location, that Good Nite Inn is a management company, that Defendants own, operate and/or lease the Hotel, that Plaintiff is suing for alleged discrimination, that Plaintiff contends the facts alleged are true as on the dates in question, and that Plaintiff is suing for alleged discrimination. Defendants deny that they discriminated against Plaintiff, and otherwise deny the allegations of paragraphs 1, 2, 3, 5, 7, 8, 41, 42, and 62 to 65.

2. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 4, 15 to 40, 43 to 48, 50 (letter not attached to complaint), 82, 113, and on this basis denies them.

3. Defendants deny the allegations of paragraphs 6, 49, 51 to 56, 59, 60, 61, 74, 78, 83-86, 88, 90, 91, 127-136, 202, 203, 224, 225, and 229-231.

4. Defendants admit the allegations of paragraph 57, 58, 75-77, 87, and 144-146.

5. Answering the allegations of paragraphs 9, 10, 11, 12, 13, and 14, Defendants admit the court has original jurisdiction for the alleged violation of the Americans With Disabilities Act, 42 U.S.C. §§1201, et seq. ("ADA"), and are without information or knowledge as to Plaintiff's residence, and hence whether this court has diversity

jurisdiction. Defendants aver that the court should decline to exercise supplemental jurisdiction over the claims for the alleged violation of California state law claims, including California Health & Safety Code §19955, et seq., the Disabled Persons Act, the Unruh Civil Rights Act, Government Code §12948, negligence per se, declaratory relief, Business & Professions Code § 17200, et seq., fraud, Government Code §§ 4450, et seq., and 11135 (collectively, the "State Law Claims"), pursuant to 28 U.S.C. § 1367(c), on the grounds that the State Law Claims raise novel and/or complex issues involving California law that are more appropriately decided by a state court, and substantially predominate over the ADA claim. Except as so averred and denied, Defendants deny the allegations of these paragraphs.

    6.   Answering the allegations of paragraphs 66 to 73, 79, 80, 81, and 152-154, Defendants admit certain construction was done at the Hotel since July 1, 1970, including some such construction alleged in the complaint, that whatever work was required to be permitted was, in fact, permitted by the requisite government agencies, is without information or belief as to the specific records alleged in the complaint, and denies the Hotel is in violation of state or federal accessibility laws. Except as so admitted, denied, or averred, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 66 to 73, 79, 80, 81, and 152-154, and on this basis denies them.

    7.   Answering the allegations of paragraphs 89 and 92, Defendants cannot answer as no "codes" are specified. Except as so averred, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 89 and 92, and on this basis denies them.

8. Answering the allegations of paragraphs 93 to 112, 114, 115, 116, 118-126, 138-140, 142, 143, 147-151, 155-157, 159-174, 176-190, 204-206, 208-214, 217-223, 226, 228, and 232, Defendants aver that the Hotel is not inaccessible to the physically disabled, deny that the Hotel violates the law as alleged in the complaint, deny that they have an obligation to perform the remedial work identified in the complaint, deny that they discriminated or failed to provide access to Plaintiff or members of the public in the manner required by law, deny that Plaintiff, or any other member of the public, to Defendants' knowledge, suffered injury or damage as a result of any alleged violation of law, admit certain alleged conditions exist, while denying other alleged conditions exist, are without information or knowledge sufficient to form a belief as to whether Plaintiff has properly characterized and/or quoted these cited statutes and regulations which are the best evidence of what they provide, and are without information or knowledge as to Plaintiff's claimed condition, history, motives, or acts, or those of unidentified others. Except as so averred and denied, Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 93 to 112, 114, 115, 116, 118-126, 138-140, 142, 143, 147-151, 155-157, 159-174, 176-190, 204-206, 208-214, 217-223, 226, 228, and 232, and on this basis denies them.

9. Answering the allegations of paragraph 117, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 116.

10. Answering the allegations of paragraph 141, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 140.

11. Answering the allegations of paragraph 158, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 157.

12. Answering the allegations of paragraph 175, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 174.

13. Answering the allegations of paragraph 191, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 190.

13. Answering the allegations of paragraph 200, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 199.

14. Answering the allegations of paragraph 207, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 206.

15. Answering the allegations of paragraph 215, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 214.

16. Answering the allegations of paragraph 227, Defendants incorporate by reference and reallege their answer to paragraphs 1 through 226.

17. The allegations in paragraphs 231-261 pertain solely to the City, and not to Defendants.

### FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense to the complaint, and all causes of action contained therein, the complaint fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

As a second, separate and affirmative defense to the complaint, and all causes of action contained therein, the Court lacks jurisdiction over the subject matter of this action, lacks personal jurisdiction over Defendants, and venue is not proper in this locale.

### THIRD AFFIRMATIVE DEFENSE

As a third, separate and affirmative defense to the complaint, and all causes of action contained therein, the court should decline to exercise supplemental jurisdiction over the State Law Claims pursuant to 28 U.S.C. §1367(c) as these claims raise novel and/or complex issues involving California law that are more appropriately decided by a state court, and substantially predominate over the ADA claim.

### FOURTH AFFIRMATIVE DEFENSE

As a fourth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants aver that Plaintiff did not suffer any injury or damage as a result of any of the alleged acts and omissions.

### FIFTH AFFIRMATIVE DEFENSE

As a fifth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants aver that Plaintiff lacks standing to pursue any of the alleged claims, including the alleged violation of the ADA, as he was not subject to a substantial likelihood of future injury.

### SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff is barred from seeking injunctive relief because his alleged injury was not actual

6

ANSWER OF DEFENDANTS GOOD NITE INN ROHNERT PARK, ET AL. TO COMPLAINT
18-CV-04604-DMR

and imminent.

### SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff is barred from seeking injunctive relief because he was not likely to again be wronged in a similar way, and was not exposed to a real and immediate threat of repeated injury.

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff is barred from seeking injunctive relief because he has an adequate remedy at law.

### NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff has not suffered, and is not now suffering, an injury that is real and immediate, and, as such, Plaintiff is not entitled to injunctive relief.

### TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff was not deprived of any benefit, goods, or services as a result of Defendants' alleged lack of compliance with the ADA, or any of the other statutes alleged in the complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff did not suffer, and does not stand to suffer, any injury that is concrete, particularized, and imminent so as to warrant the imposition of

injunctive relief.

## TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff lacks standing to pursue injunctive relief that seeks remediation beyond that which is needed to address his alleged particular disability.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff was not denied full access to the Hotel, and was not excluded from enjoying Defendants' services.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants are informed and believes that Plaintiff initiated this action for purposes other than what the applicable laws were designed to redress.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, all of the conduct of, or actions taken, or engaged in by Defendants, which are the subject of Plaintiff's claims, were justified, reasonable, in good faith, privileged and/or in accordance with the legitimate business purposes and activity of Defendants, rendering it immune from any liability to Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, the damages Plaintiff suffered, if any, were proximately caused or contributed to

by the actions of Plaintiff and/or other parties or entities not as yet made parties to this litigation. Therefore, it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and pro-rated such that any judgment rendered against Defendants be reduced by the degree of negligence or fault found to exist as to Plaintiff and/or persons or entities.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a seventeenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants are informed and believe, and thereon allege, that Plaintiff unreasonably delayed in filing the complaint and in notifying Defendant of the alleged harm and damages, and the basis for the alleged causes of action against it, all of which has unduly and severely prejudiced Defendant, thereby barring or diminishing Plaintiff's recovery under the doctrines of waiver, laches, estoppel and/or acquiescence.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an eighteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants are informed and believe, and thereon allege, that by virtue of Plaintiff's unlawful, immoral, careless, negligent and/or other wrongful conduct, Plaintiff should be barred from recovery against Defendant under the doctrine of unclean hands.

### NINETEENTH AFFIRMATIVE DEFENSE

As a nineteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, all of the conduct of, or actions taken, or engaged in by Defendants, which are the subject of Plaintiff's claims, were justified, reasonable, in good faith, privileged and/or in accordance with the legitimate business

purposes and activity of these answering Defendants, rendering them immune from any liability to Plaintiff

### TWENTIETH AFFIRMATIVE DEFENSE

As a twentieth, separate and affirmative defense to the complaint, and all causes of action contained therein, the Hotel is a specialized facility, and is therefore not required to be modified in the manner alleged by Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a twenty-first, separate and affirmative defense to the complaint, and all causes of action contained therein, the alleged acts and practices are excepted from liability based on the nature of the business exception.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a twenty-second, separate and affirmative defense to the complaint, and all causes of action contained therein, no construction, alteration or repair of the subject premises is required by any applicable law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third, separate and affirmative defense to the complaint, and all causes of action contained therein, if Defendants engaged in the alleged conduct, which Defendants deny, the reasons, specifications, and motives for the alleged conduct outweigh the alleged impact upon Plaintiff.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth, separate and affirmative defense to the complaint, and all causes of action contained therein, if the alleged acts were performed, they were not performed by any officer, director, or managing agent of the corporate Defendants, which did not acquiesce

to or ratify such conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a twenty-fifth, separate and affirmative defense to the complaint, and all causes of action contained therein, if the Hotel had any architectural barriers, as alleged in the complaint, which Defendants deny, removal of such barriers, or implementation of alternative methods, would not be readily achievable, easily accomplishable, or carried out without much difficulty and expense.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a twenty-sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, if the Hotel had any architectural barriers, as alleged in the complaint, which Defendants deny, such barriers are structural in nature.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a twenty-seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, some of the modifications that Plaintiff alleges must be made would fundamentally alter the nature of the facilities.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a twenty-eighth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants did not intentionally violate any applicable law regarding disability access as alleged in the complaint.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a twenty-ninth, separate and affirmative defense to the complaint, and all causes of action contained therein, the subject facility was constructed for occupancy prior to January 26, 1992, and was not thereafter altered in a way that negatively affected the

usability of that facility for an individual with a disability. As such, Defendant cannot be required to modify that facility as alleged by Plaintiff.

### THIRTIETH AFFIRMATIVE DEFENSE

As a thirtieth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendants are exempt from Plaintiff's claim for the alleged violation of Health & Safety Code §19955, et seq. as the Hotel is a privately funded multistory building, and a reasonable portion of all facilities and accommodations sought and used by the public is accessible to and usable by persons with disabilities.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a thirty-first, separate and affirmative defense to the complaint, and all causes of action contained therein, the complaint, and each cause of action therein fails to state facts sufficient to entitle Plaintiff to punitive or exemplary damages against these answering Defendants. Additionally, these answering Defendants are not liable for any punitive or exemplary damages in that they have never taken any action with a willful or conscious disregard of Plaintiff's rights, if any, have not engaged in any despicable conduct with respect to Plaintiff, have not performed or admitted to perform any act which would constitute intentional misrepresentation, deceit, or concealment of a material fact, and have not engaged in any conduct with the intention of depriving Plaintiff of property, legal rights, or causing injury.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a thirty-second, separate and affirmative defense to the complaint, and all causes of action contained therein, the claims

asserted against Defendants are barred, in whole or in part, by the equitable doctrine of "in pari delicto."

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a thirty-third, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff is barred from any recovery against Defendants because of his failure to do equity in the particulars listed in the complaint.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a thirty-fourth, separate and affirmative defense to the complaint, and all causes of action contained therein, the damages Plaintiff suffered, if any, were proximately caused or contributed to by the actions of Plaintiff and/or other parties to this litigation and/or other parties or entities not as yet made parties to this litigation. Therefore, it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and pro-rated such that any judgment rendered against these answering Defendants be reduced by the degree of negligence or fault found to exist as to Plaintiff, other defendants, cross-defendants and/or persons or entities.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a thirty-fifth, separate and affirmative defense to the complaint, and all causes of action contained therein, these answering Defendants are informed and believe, and thereon allege, that they are not legally responsible for any acts and/or omissions of those Defendants named herein as Does.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a thirty-sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, these answering

Defendants are informed and believe, and thereon allege, that Plaintiff knew of, consented to, directed and/or participated in each of the alleged acts, transactions, and defects complained of, and by reason thereof, Plaintiff is estopped from recovering any damages from these answering Defendants.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a thirty-seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, the alleged acts in question do not constitute a business practice, and are not actionable under the statutes upon which such liability is purportedly predicated.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a thirty-eighth, separate and affirmative defense to the complaint, and all causes of action contained therein, if Defendants engaged in the alleged conduct, which Defendants deny, the reasons, specifications, and motives for the alleged conduct outweigh the alleged impact upon Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a thirty-ninth, separate and affirmative defense to the complaint, and all causes of action contained therein, damages are not available for violations of the ADA, California's unfair competition statute, and some or all of the other statutes alleged by Plaintiff.

### FORTIETH AFFIRMATIVE DEFENSE

As a fortieth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff lacks standing to pursue injunctive relief that seeks remediation beyond that which is needed to address his alleged particular disability.

14

ANSWER OF DEFENDANTS GOOD NITE INN ROHNERT PARK, ET AL. TO COMPLAINT
18-CV-04604-DMR

## FORTY-FIRST AFFIRMATIVE DEFENSE

As a forty-first, separate and affirmative defense to the complaint, and all causes of action contained therein, the subject facility was constructed for occupancy prior to January, 1993, and was not thereafter altered in a way that negatively affected the usability of that facility for an individual with a disability. As such, Defendants cannot be required to modify that facility as alleged by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, these answering Defendants pray for relief as follows:

1. That Plaintiff take nothing against Defendants;
2. That judgment be entered in favor of Defendants;
3. That Defendants have and recover their costs of suit herein;
4. That Defendants have and recover their reasonable attorney's fees incurred herein; and
5. For such other and further relief as this Court deems just and proper.

## JURY TRIAL REQUESTED

Defendants Good Nite Inn Rohnert Park, Inc., and Good Nite Inn Management, Inc., hereby request a jury trial on all claims and defenses to which it has a right to a trial by jury.

Dated: September 27, 2018          LAW OFFICES OF KENNETH E. CHYTEN

By: Kenneth E. Chyten, Esq.
Attorneys for defendants, GOOD NITE INN ROHNERT PARK, and GOOD NITE INN MANAGEMENT, INC.

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA

COUNTY OF VENTURA

I am employed in the County of Ventura, State of California. I am over the age of 18 and not a party to the within action. My business address is 300 East Esplanade Drive, Suite 900, Oxnard, CA. 93036. On **September 27, 2018,** I served the foregoing document(s) described as

**ANSWER OF DEFENDANTS GOOD NITE ROHNERT PARK, INC., AND GOOD NITE INN MANAGEMENT, INC. TO COMPLAINT,**

on all interested parties in this action by the following means:

[x] **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, for collection and mailing on the above date, following ordinary business practices, in the United States Mail, at the Law Offices of Kenneth E. Chyten, in Oxnard, California, addressed as shown below:

Timothy S. Thimesch, Esq.
THIMESCH LAW OFFICES
4413 Black Walnut Court
Concord, CA. 94521-4319

[ ] **BY FEDERAL EXPRESS:** By delivering a true copy thereof, enclosed in a sealed envelope, to a designated Federal Express box or facility to be delivered next business day to the addressee(s) shown below.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 27, 2018,** at Oxnard, California.

_____
KENNETH E. CHYTEN